UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLEN FABIAN,

Plaintiff,

-against-

SOMERS CENTRAL SCHOOL DISTRICT,

Defendant.

**OPINION AND ORDER**

25-CV-03030 (PMH)

PHILIP M. HALPERN, United States District Judge:

Ellen Fabian ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Westchester, on March 25, 2025. (Doc. 1-1, "Compl."). Plaintiff asserts three claims for relief against her former employer, Somers Central School District ("Defendant") for age and disability discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*, and discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. (*Id.* ¶¶ 31-51). On April 11, 2025, Defendant removed this action to this Court. (Doc. 1).

Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 16; Doc. 17; Doc. 18). Plaintiff opposed Defendant's motion (Doc. 15), and the motion was fully submitted with the filing of Defendant's reply (Doc. 19).

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff, a Middle School Counselor, was hired by Defendant in August 1993. (Compl. ¶ 10). On March 17, 2023, School Principal Jeffrey Getman called Plaintiff into his office, where Director of Counseling Philip Kavanaugh and Assistant Principal Jennifer Mangone were also

present. (*Id.* ¶ 12). Plaintiff was advised that she was being transferred to counsel K-2 (which the Court understands from context clues that this refers to counselling students in Kindergarten through Second Grade), and Getman told Plaintiff "to take the rest of the day off because 'it's a lot to process.'" (*Id.*). Plaintiff alleges that Defendant intended to replace her with a 47-year-old individual who lacked the requisite experience to counsel middle school students. (*Id.* ¶ 13). Plaintiff lacked the requisite experience to counsel K-2 students. (*Id.* ¶ 14).

In March and April 2023, Plaintiff suffered cervicogenic headaches and panic attacks, and on May 1, 2023, she went on workers' compensation leave. (*Id.* ¶¶ 15, 16). Human Resources directed Plaintiff to file for FMLA, which she did on May 22, 2023. (*Id.* ¶¶ 16, 18). Plaintiff never received a response to her FMLA request. (*Id.* ¶ 18).

On May 4, 2023, Plaintiff emailed "Human Resources Matt Carr" and reported that she felt harassed by Kavanaugh when he assigned Plaintiff tasks when she was out sick and independently sent messages to parents that Plaintiff was on leave. (*Id.* ¶ 17). On August 1, 2023, when Plaintiff was 59 years old, she retired from her position. (*Id.* ¶ 19). Plaintiff did not intend to retire until she was 62 years old. (*Id.*). She retired because of the lack of response to her request for FMLA leave and her "apprehension regarding her ability to fulfill her duties" as a K-2 Counselor, which she alleges was discrimination and retaliation by Defendant against her. (*Id.*).

On June 28, 2023, Defendant received a Demand Letter related to Plaintiff's claim and a Supplemental Notice of Claim was made and served upon Defendant on December 13, 2025. (*Id.* ¶ 6).

This litigation followed.

**STANDARD OF REVIEW**

I. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).[1] "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp. 3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). When deciding a Rule 12(b)(1) motion, "the Court 'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Id.* (quoting *Conyers*, 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019).

When a defendant seeks dismissal under Rule 12(b)(1) "as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

II. Federal Rule of Civil Procedure 12(b)(6)

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## <u>ANALYSIS</u>

### I. <u>First and Second Claims for Relief: NYSHRL</u>

Plaintiff's first and second claims for relief allege age and disability discrimination in violation of the NYSHRL. Defendant argues that Plaintiff's failure to comply with the notice requirement of New York Education Law § 3813 requires dismissal of these claims. (Doc. 18 at 10-13). The Court agrees.

"Section 3813 requires a plaintiff to file a notice of claim within three months after accrual of the claim and prior to initiating a lawsuit against a school, school district, board of education,

or education officer." *Winbush v. New York City Dep't of Educ.*, No. 23-CV-01320, 2025 WL 2624350, at *14 (S.D.N.Y. Sept. 10, 2025). Section 3813(1)'s "notice of claim requirement applies to employment discrimination claims against school districts and their officers under the NYSHRL." *United States v. New York City Dep't of Educ.*, No. 16-CV-04291, 2017 WL 1319695, at *1 (S.D.N.Y. Apr. 4, 2017). "It is Plaintiff's burden to prove that [s]he filed the requisite notice of claim." *Barrera v. New York City Dep't of Educ.*, No. 24-CV-07194, 2025 WL 3211802, at *11 (S.D.N.Y. Nov. 17, 2025).

Plaintiff argues that "federal courts have rejected efforts to impose a notice-of-claim requirement on NYSHRL causes of action." (Doc. 15 at 10-11). This is incorrect. *See Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22, 25 (2d Cir. 2021) ("[T]he district court properly dismissed Carter's NYHRL claim against Superintendent Lowengard and the School District for failure to serve a notice of claim on the governing body of the School District." (citing N.Y. Educ. Law § 3813(1))); *Westbrook v. City of New York*, No. 23-CV-03164, 2026 WL 802613, at *9 (S.D.N.Y. Mar. 23, 2026) ("Because Plaintiff fails to demonstrate that he filed the proper notices required by § 3813(1), his NYSHRL and NYCHRL claims against NYCDOE are procedurally barred."); *Winbush*, 2025 WL 2624350, at *14 ("Courts have therefore interpreted the Education Law's notice of claim requirement to apply to claims brought under the NYSHRL"); *Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790, 2020 WL 2131771, at *12 (S.D.N.Y. May 4, 2020) (NYSHRL claims of retaliation subject to Education Law § 3813(1) notice requirement); *Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist.*, No. 14-CV-06416, 2017 WL 2374363, at *8 (S.D.N.Y. May 31, 2017) (NYSHRL claims require Notice of Claim pursuant to Education Law § 3813(1)), *aff'd*, 750 F. App'x 41 (2d Cir. 2018).

Plaintiff alternatively argues that she substantially complied with the notice requirement in two ways: (1) on June 28, 2023, counsel sent a demand letter to Superintendent Raymond H. Blanch outlining her "claims under the ADEA, NYSHRL, and FMLA" together with the dates of Defendant's discriminatory acts, the place of occurrence, and the manner in which those acts occurred;[2] and (2) by sending a "Letter of Representation on Board President Amanda Kandel, followed on December 13, 2024, by a formal Supplemental Notice of Claim."[3] (Doc. 15 at 12-13).

A plain reading of the statute makes clear that there are four elements in the statute that are prerequisites to prosecuting and maintaining a NYSHRL lawsuit against Defendant herein: (1) "it shall appear by and as an allegation in the complaint" that, (2) "a written verified claim," (3) "was presented to the governing body of said district or school within three months after the accrual of such claim," and (4) that "the officer or body having the power to adjust or pay said claim" has not made "an adjustment or payment thereof for thirty days after such presentment." *Chidume*, 2020 WL 2131771, at *12 (quoting N.Y. Educ. Law § 3813(1)).

Plaintiff does not allege anywhere in the Complaint that a written verified claim was presented to Defendant's governing body within three months of the accrual of the claims. With respect to Plaintiff's June 2023 demand letter, which pre-dates the last act of discrimination alleged

---

[2] The Court is permitted to consider, in connection with this argument, the June 28, 2023 letter annexed as an exhibit to Defendant's motion. (*See* Doc. 17-2). "The notice of claim provisions at issue in this action are jurisdictional in nature." *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 364 (W.D.N.Y. 2010). Because the jurisdictional bar to Plaintiff's NYSHRL claims is the subject of a Rule 12(b)(1) motion, the Court "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Indeed, on such a motion, the Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," along with "matters of which judicial notice may be taken." *Aaron v. Keyser*, No. 21-CV-5258, 2023 WL 3466170, at *4 (S.D.N.Y. May 15, 2023).

[3] Plaintiff does not raise the December 2024 letter or "Supplemental Notice of Claim" in the Complaint. The failure to plead its existence is, in and of itself, non-compliance with the statutory requirements. *See* N.Y. Educ. Law § 3813(1). Nevertheless, as with Plaintiff's June 28, 2023 letter, Defendant proffered this document on the motion to dismiss and the Court may consider it on Defendant's Rule 12(b)(1) motion. (*See* Doc. 17-3).

in the Complaint,[4] Plaintiff's counsel sent the unverified letter to Superintendent Raymond H. Blanch. (Doc. 17-2). And Plaintiff's December 2024 demand letter and "Supplemental Notice of Claim" were served sixteen months after her retirement, well outside the three-month window required under the statute. (Doc. 17-3). Courts have consistently declined to find compliance or even substantial compliance with § 3813(1) where the written verified claim was not timely served on the Board of Education. *Carter*, 850 F. App'x at 25; *Bertuzzi v. Copiague Union Free Sch. Dist.*, No. 17-CV-04256, 2023 WL 6211002, at *4 (E.D.N.Y. Sept. 25, 2023) (letter to Superintendent did not comply with § 3813(1)); *Modica v. New York City Dep't of Educ.*, No. 20-CV-04834, 2021 WL 3408587, at *4 (S.D.N.Y. Aug. 4, 2021) (NYSHRL claims against DOE dismissed for failure to allege timely service on the appropriate "governing body."); *Bagarozzi v. New York City Dep't of Educ.*, No. 18-CV-04893, 2019 WL 1454316, at *4 (S.D.N.Y. Mar. 31, 2019) (NYSHRL claims procedurally barred where plaintiff failed to allege that her "complaints provided notice of a written verified claim upon which such action or special proceeding is founded, that she served these complaints on the governing arm of the school district, or that she did so within three months of the time her claims accrued."); *Nelson v. Mount Vernon City Sch. Dist.*, No. 15-CV-08276, 2017 WL 1102668, at * 3 (S.D.N.Y. Mar. 23, 2017) ("[C]ourts have consistently held that service of a notice of claim upon a superintendent does not satisfy § 3813(1)'s requirements." (collecting cases)).

Accordingly, Defendant's motion to dismiss Plaintiff's first and second claims for relief under the NYSHRL for lack of subject matter jurisdiction is granted.

---

[4] As Plaintiff argues in her opposition, the "last alleged discriminatory act occurred on August 1, 2023." (Doc. 15 at 11).

II. FMLA Violations: Third Claim for Relief

The Third Claim for Relief proceeds under the FMLA. Generally, the FMLA is meant "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, . . . to promote national interests in preserving family integrity" and "to entitle employees to take reasonable leave for medical reasons . . . ." 29 U.S.C. § 2601(b)(1)-(2). To this end, "the FMLA makes it illegal for employers to: (1) 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right' provided under the FMLA; or (2) 'discharge or in any other manner discriminate against any individual for opposing any practice made unlawful' by the FMLA." *Prout v. Vladeck*, 316 F. Supp. 3d 784, 800 (S.D.N.Y. 2018) (quoting 29 U.S.C. § 2615(a)). There are two types of private claims for relief under the FMLA: interference and retaliation claims. *Smith*, 769 F. Supp. 2d at 463 (S.D.N.Y. 2011) (quoting *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004)).

Plaintiff's third claim for relief asserts both interference and retaliation. Defendant moved to dismiss both theories alleged in the third claim for relief. (Doc. 18 at 17-19). Plaintiff did not, however, respond to any of Defendant's arguments for dismissal of the FMLA retaliation claim. "It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim." *Donald v. Bennett*, No. 24-CV-03144, 2026 WL 1021696, at *3 (S.D.N.Y. Apr. 15, 2026); *Postell v. Fallsburg Library*, No. 20-CV-03991, 2022 WL 1092857, at *7 (S.D.N.Y. Apr. 8, 2022) (citing *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018) (summary order)). The FMLA retaliation claim is, therefore, deemed abandoned and dismissed.

Plaintiff asserts, with respect to her remaining claim of FMLA interference, that her FMLA rights were interfered with in that she was falsely informed that her worker's compensation

benefits would run concurrently with FMLA and she had to file separately for FMLA leave; and that Defendant failed to respond to her request for FMLA for more than four months while Kavanaugh continued to assign her work and independently notified parents of her leave status. (Compl. ¶¶ 16, 17).

An FMLA interference claim requires Plaintiff to plead: "(1) that [she] is an eligible employee under the FMLA; (2) that defendant is an employer as defined in the FMLA; (3) that [she] was entitled to leave under FMLA; (4) that [she] gave notice to the defendant of [her] intention to take leave; and (5) that [she] was denied benefits to which [s]he was entitled under the FMLA." *Smith*, 769 F. Supp. 2d at 465 (citing *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 427 (S.D.N.Y. 2004)); *see also Ziccarelli v. NYU Hosps. Ctr.*, 247 F. Supp. 3d 438, 447 (S.D.N.Y. 2017).

Defendant argues that because Plaintiff voluntarily retired, she cannot recover lost wages or economic damages, and because neither emotional distress nor punitive damages are recoverable under the FMLA, she cannot maintain an FMLA claim. (Doc. 18 at 17). Defendant also argues that Plaintiff has not satisfied the pleading requirement to allege that she was eligible for FMLA leave or that she was actually denied FMLA leave or benefits. (*Id.* at 18).

Plaintiff counters simply that an employer can violate the FMLA without expressly denying leave. (Doc. 15 at 16-17 (citing *Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63, 69 (2d Cir. 2024))). Although this is a correct statement of the law as regards whether she was actually denied FMLA leave or benefits, Plaintiff did not respond to Defendant's argument that she failed to plead that she was eligible for FMLA leave in the first instance. Plaintiff sufficiently alleged that she had been employed for at least twelve months by Defendant: in fact, she alleged she had worked there for 30 years, since August 1993. (Compl. ¶ 10). She did not allege, however, that she

had worked 1,250 hours in the 12-month period prior to her request for FMLA leave, which pleading defect warrants dismissal for failure to state a claim under the FMLA. *See Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020) (affirming dismissal based on failure to plead FMLA eligibility by omitting allegation that plaintiff had worked 1,250 hours in the 12-month period prior to her requests for FMLA leave as a "substantive pleading flaw").[5]

Accordingly, Defendant's motion to dismiss Plaintiff's third claim for relief under the FMLA is granted.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 16 and to close this case.

**SO ORDERED:**

Dated: White Plains, New York
August 12, 2026

PHILIP M. HALPERN
United States District Judge

[5] Plaintiff also failed to respond to Defendant's argument that she has no damages as she voluntarily retired, and are otherwise unavailable in FMLA actions as a matter of law. Plaintiff, therefore, effectively conceded Defendant's arguments on this score as well. *Donald*, 2026 WL 1021696, at *3; *Postell*, 2022 WL 1092857, at *7; *Napoli v. Nat'l Sur. Corp.*, No. 21-CV-09279, 2022 WL 1943776, at *6 (S.D.N.Y. May 19, 2022) ("Plaintiffs did not address that argument in their opposition, and, on that basis alone, may be deemed to have conceded the point."), *adopted by* 2022 WL 2110606 (S.D.N.Y. June 10, 2022), *aff'd*, No. 22-1516, 2023 WL 2320332 (2d Cir. Mar. 2, 2023).